IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Brief May 17, 2004 Session

**SAM WILSON v. JERRY ESCH, ET AL.**

**Direct Appeal from the Chancery Court for Weakley County**
**No. 17985     Michael Maloan, Chancellor**

———————————

**No. W2003-02866-COA-R3-CV - Filed June 24, 2004**

———————————

The trial court awarded Appellee recision of a contract for purchase of an automobile. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY
M. KIRBY, J., joined.

James H. Bradberry, Dresden, Tennessee, for the appellants, Jerry Esch and Andy Carroll.

Steven L. West, McKenzie, Tennessee, for the appellee, Sam Wilson.

**OPINION**

This dispute concerns the 2002 purchase of a 1968 Corvette automobile. In 1991, Jerry Esch
(Mr. Esch) purchased the Corvette, and for the next 12 years performed considerable restoration
work on it. Andy Carroll (Mr. Carroll) periodically cleaned the car. In 2002, Mr. Esch decided to
sell the Corvette and solicited the help of Mr. Carroll. Mr. Carroll placed an advertisement on the
Internet in which he listed the car for $17,500. The advertisement identified Mr. Carroll as the
contact person. The advertisement described the Corvette as "a hard to find car with a 95%
restoration." After test driving the car with Mr. Carroll and alone, Sam Wilson (Mr. Wilson)
purchased the Corvette for $12,500. Mr. Wilson began experiencing mechanical difficulties with
the car, and an inspection revealed considerable rusting.

In February 2003, Mr. Wilson filed a complaint in the Chancery Court of Weakley County.
In his complaint, Mr. Wilson alleged that Mr. Esch and Mr. Carroll had engaged in unfair or
deceptive acts in violation of Tennessee Code Annotated § 47-18-104(6)(7) and (27). Mr. Wilson
prayed for the court to void the contract and refund the purchase price. He also prayed for treble
damages of $37,500 under Tennessee Code Annotated § 47-18-109 (the Consumer Protection Act)
and attorney's fees.

The matter was heard on September 5, 2003. At trial, an expert in the field of antique automobile restoration testified that someone had placed foam rubber on the interior of the frame which had concealed the rusting. He further testified that the fuel line had been replaced and pieced together, that the frame needed to be replaced, and that the car was unsafe. The trial court held that, pursuant to Tennessee Code Annotated § 47-18-109(a)(4), Mr. Wilson was "entitled to a rescission of the contract based upon the Defendants['] violation of the consumer protection laws both as to misleading advertising and as to erroneous representation with regard to the condition of the vehicle." The trial court awarded Mr. Wilson his attorney's fees and costs, but held that treble damages were not appropriate in this case. The trial court entered its final order on October 23, 2003, and Mr. Esch and Mr. Carroll (hereinafter, collectively, "Appellants") filed a timely notice of appeal to this Court on November 21, 2003.

### *Issues Presented*

Appellants raise the issue of whether the Consumer Protection Act applies where the individuals involved are private persons not engaged in a commercial enterprise. Mr. Wilson raises the issue of whether the trial court erred in declining to award him treble damages.

### *Standard of Review*

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). We review the trial court's findings of fact with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). Thus, we may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

### *Analysis*

Appellants assert the judgment of the trial court is error because the Consumer Protection Act, codified at Tennessee Code Annotated § 47-18-101, *et seq.*, does not apply to transactions which involve only a casual, non-commercial transaction between individuals. Mr. Wilson contends that Appellants did not raise this issue in the proceedings below and, therefore, may not raise it here. Issues not raised in the trial court may not be raised for the first time on appeal. *Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003). Upon review of the record, we find that Appellants failed to raise the issue of whether the Consumer Protection Act is applicable in this case in the proceedings below. Therefore, this issue is without merit.

Mr. Wilson argues that the trial court erred by finding that an award of treble damages was not appropriate in this case. The Consumer Protection Act provides:

(3) If the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court *may* award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper.

Tenn. Code Ann. § 47-18-109(a)(3)(2001)(emphasis added). An award of treble damages for violation of the Consumer Protection Act is permissive and depends upon the facts of each case. *Keith v. Howerton*, No. E2002-00704-COA-R3-CV, 2002 WL 31840683, at *3 (Tenn. Ct. App. Dec. 9, 2002) (*no perm. app. filed*). The determination of whether such an award is appropriate under the facts of the case lies within the sound discretion of the trial court. *Id.* Upon review of the record, we find no abuse of discretion in the trial court's determination that treble damages are not appropriate here.

### *Holding*

In light of the foregoing, we affirm the judgment of the trial court. Costs of this appeal are taxed one-half to the Appellee, Sam Wilson, and one-half to the Appellants, Jerry Esch and Andy Carroll, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE