FILED

11/28/2017

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2017 Session

IN RE ARABELLA L.

Appeal from the Juvenile Court for Montgomery County
No. 13-JV-829      Wayne C. Shelton, Judge

_____

No. M2017-01069-COA-R3-JV

_____

Three years after the juvenile court in Tennessee approved a parenting plan for a child, the child's father filed a petition to modify custody, alleging a material change in circumstances. The mother, who had filed a modification petition in Alabama, requested that the Tennessee court communicate with the Alabama court to determine which court had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). The Tennessee court, after communicating with the Alabama court, determined that Alabama was a more convenient forum, declined to exercise jurisdiction, and dismissed the father's petition. On appeal, the father argues that the Tennessee court failed to allow the parties access to a record of its communication with the Alabama court or an opportunity to present evidence before making its decision. Because we conclude that the juvenile court abused its discretion in declining to exercise jurisdiction without allowing the parties an opportunity to present evidence, we vacate the court's decision and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY J. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

Stacy A. Turner, Clarksville, Tennessee, for the appellant, Sean C.

Christopher J. Pittman and Zachary L. Talbot, Clarksville, Tennessee, for the appellee, Kayla L.

# OPINION

## I.

Kayla L. ("Mother") gave birth to Arabella L. after her relationship with Sean C. ("Father") had ended. Shortly after the birth, Father filed a petition to establish parentage and obtain parenting time in the Juvenile Court for Montgomery County, Tennessee. Mother admitted that he was Arabella's biological father, stipulated to the jurisdiction of the Tennessee court, and requested permission to relocate to Alabama to recuperate from the birth. On May 6, 2013, the juvenile court issued a parentage order and allowed Mother to move to Alabama.

The juvenile court subsequently approved an agreed parenting plan for Arabella. The parenting plan named Mother primary residential parent and awarded the parents equal parenting time. Under the plan, Mother and Father exchanged custody every two weeks and made all major decisions regarding Arabella jointly.

On September 29, 2016, Mother filed a petition in the Circuit Court for Butler County, Alabama, to modify the Tennessee parenting plan based on a material change in circumstances. A week later, Father filed his own modification petition in the Juvenile Court for Montgomery County, Tennessee, also alleging a material change in circumstances.

Mother then filed a motion requesting that the Tennessee court conduct a telephone conference with the Alabama court to determine appropriate jurisdiction under the UCCJEA. *See* Tenn. Code Ann. §§ 36-6-201 to -243 (2017). While it is apparent that the Tennessee court granted the motion, no order was ever entered.

On March 6, 2017, counsel for both parties appeared before the Tennessee court seeking information on the court's communication with the Alabama court. The Tennessee court announced from the bench that the case "went to Alabama" because "it was most convenient." The Tennessee court then dismissed Father's modification petition. The Tennessee court also denied Father's subsequent motion to reconsider or to alter or amend.

## II.

Father contends that the Tennessee court failed to follow the applicable law in deciding that Alabama was a more convenient forum for this modification proceeding and in communicating with the Alabama court. *See* Tenn. Code Ann. §§ 36-6-213, -222. He also asserts that the Tennessee court failed to make sufficient findings of fact to support its decision.

2

The UCCJEA governs jurisdictional conflicts between Tennessee and other states over child custody proceedings. *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006); Tenn. Code Ann. § 36-6-202(1). Whether a court has jurisdiction under the UCCJEA is a question of law, subject to de novo review with no presumption of correctness. *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006).

In May 2013, the Tennessee court made its initial child custody determination.[1] Under the UCCJEA, the Tennessee court retained "exclusive, continuing jurisdiction" to modify that determination until one of two statutory triggers occurs:

> (1) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or
> (2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

Tenn. Code Ann. § 36-6-217(a).

Neither party disputes that the Tennessee court had exclusive, continuing jurisdiction to modify the parenting plan. When Father filed his petition, he was living in Tennessee and exercising parenting time with Arabella in Tennessee every two weeks. Even though Mother moved to Alabama with Arabella in 2013, Arabella's relationship with her Father had not "become[] so attenuated that the court could no longer find significant connections and substantial evidence." *Id.* § 36-6-217 cmt.

Still, a court "may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." *Id.* § 36-6-222(a). We review a court's decision to decline jurisdiction based on inconvenient forum under the abuse of discretion standard. *Busler v. Lee*, No. M2011-01893-COA-R3-CV, 2012 WL 1799027, at *2 (Tenn. Ct. App. May 17, 2012); Tenn. Code Ann. § 36-6-222(a). While the abuse of discretion standard is a deferential standard of review, even "[d]iscretionary decisions must take the applicable law and the relevant facts into account." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). "An abuse of discretion occurs when the trial court causes an injustice by applying an incorrect legal standard, reaches an illogical result, resolves the case on a

---

[1] Jurisdiction under the UCCJEA is determined as of the commencement of the proceeding. *Busler v. Lee*, No. M2011-01893-COA-R3-CV, 2012 WL 1799027, at *2 (Tenn. Ct. App. May 17, 2012). The Tennessee court had jurisdiction to make the initial child custody determination because Tennessee was Arabella's home state when Father filed his original petition. *See* Tenn. Code Ann. §§ 36-6-205(7), -216(a)(1).

3

clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011).

Before deciding whether to decline jurisdiction, "the court shall allow the parties to submit information and shall consider" specified factors. Tenn. Code Ann. § 36-6-222(b). Those factors include:

> (1) The length of time the child has resided outside this state;
> (2) The distance between the court in this state and the court in the state that would assume jurisdiction;
> (3) The relative financial circumstances of the parties;
> (4) Any agreement of the parties as to which state should assume jurisdiction;
> (5) The nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
> (6) The ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence;
> (7) Whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child; and
> (8) The familiarity of the court of each state with the facts and issues in the pending litigation.

*Id.*

The UCCJEA also strongly encourages the court to communicate with the alternative forum before making a decision. *Id.* § 36-6-213 cmt. And the court must ensure that a record of the communication is made and provided to the parties.[2] *Id.* § 36-6-213(d). The record should detail the substance of the communication and inform the parties of the content of the conversation. *See Bishop v. Milner*, No. E2002-01357-COA-R3-CV, 2003 WL 21458588, at *2 (Tenn. Ct. App. June 19, 2003).

In light of the applicable law, we consider the Tennessee court's decision to dismiss Father's modification petition. The order of dismissal provides as follows:

> This cause came to be heard on motion by the Court to announce the decision that had been made between the Juvenile Court of Montgomery County, Tennessee and the Circuit Court of Butler County, Alabama. The Court has conducted a telephone conference with the Judge in Alabama pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act

---

[2] No record is required of court communications "on schedules, calendars, court records, and similar matters." Tenn. Code Ann. § 36-6-213(c).

and this Court has determined in conjunction with the Alabama Court that the Tennessee case will be dismissed and this action will proceed forward in Alabama. The Court has determined that this is a 50/50 Parenting Plan and that the Mother resides in Alabama, that the child is reaching school age and that Alabama is the more convenient forum for which to address the various issues the parties have raised in their respective actions.

The Tennessee court did not give the parties access to a record of its communication with the Alabama court or provide details of the communication beyond the language quoted above.

As pointed out by Father, by failing to provide access to the record of its communication with the Alabama court, the Tennessee court failed to comply with Tennessee Code Annotated § 36-6-213(d). But Father did not raise this issue in the proceedings below. As a result, we consider the issue waived. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009); *Wilson v. Esch*, 166 S.W.3d 729, 730 (Tenn. Ct. App. 2004) ("Issues not raised in the trial court may not be raised for the first time on appeal.").

Even though Father failed to preserve the issue of access to the record of the communication between the courts, we still conclude that the Tennessee court erred. Where, as in this case, the court does not permit the parties to participate in its communication with the court of the other state, the parties "must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." Tenn. Code Ann. § 36-6-213(b). Although Mother and Father were given the opportunity to submit legal arguments, neither party was allowed to present facts before the Tennessee court announced its decision. This Court has opined that the UCCJEA does not "require a full evidentiary hearing prior to the trial court rendering a decision," but the parties must be given an opportunity to submit affidavits or other evidence to the court on the jurisdictional issue. *See Kapustka v. Kapustka*, No. M2015-01984-COA-R3-CV, 2016 WL 3250120, at \*4-5 (Tenn. Ct. App. June 3, 2016) (noting that both parties submitted evidence through affidavits); *In re Lazaria C.R.H.*, No. W2012-02308-COA-R3-JV, 2014 WL 72276, at \*3-4 (Tenn. Ct. App. Jan. 9, 2014) (vacating decision to decline jurisdiction when the parties were not given the opportunity to submit evidence on the relevant factors); *Busler*, 2012 WL 1799027, at \*3-4 (affirming decision to transfer after concluding that court's decision was supported by affidavit evidence in the record).

While Mother contends that both sides had ample opportunity to present their arguments, legal arguments are not facts. *See Boyce v. LPP Mortg. Ltd.*, 435 S.W.3d 758, 772 (Tenn. Ct. App. 2013); *cf. Zurick v. Inman*, 426 S.W.2d 767, 775 (Tenn. 1968) (noting that in making a forum non conveniens determination the court must apply the appropriate factors to the facts in the record). Here, the Tennessee court apparently based

5

its decision solely on the conversation with the Alabama court. And, from this record, we cannot determine whether the Tennessee court considered the statutory factors found in Tennessee Code Annotated § 36-6-222(b).

Thus, we vacate the court's decision and remand this case. On remand, the parties shall be given an opportunity to present their evidence, by affidavit or otherwise. The court should then consider the statutory factors in light of the evidence presented to determine whether Tennessee or Alabama is a more convenient forum for this modification proceeding. The court's order must "set forth the basis for its jurisdictional decision, including any court-to-court communication which may have been a factor in the decision." Tenn. Code Ann. § 36-6-213 cmt.

## III.

For the foregoing reasons, we vacate the court's decision and remand for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE

6