IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2018 Session

**LORENZO REED, SR. v. HELEN AKENDE-REED**

**Appeal from the Chancery Court for Montgomery County**
**No. MCCHCV12-372      Laurence M. McMillan, Jr., Chancellor**

———————————————————

**No. M2017-00628-COA-R3-CV**

———————————————————

A father filed a petition to modify his child support obligation based on a reduction in income. Following a trial, the court determined that there was a significant variance between the Tennessee Child Support Guidelines and the amount of support ordered, and the court reduced the father's child support obligation. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

Helen Akende-Reed, Fairview, Tennessee, appellant, pro se.

Lorenzo Reed, Sr., Ashburn, Virginia, appellee, pro se.[1]

---

[1] Mr. Reed filed a brief but did not attend oral argument. Although he now represents himself on appeal, Mr. Reed was represented by counsel in the proceedings below.

Lorenzo Reed, Sr. and Helen Akende-Reed married in Abuja, Nigeria, in April 2009. They divorced in March 2013; the marriage produced two children.

Mr. Reed's child support obligation varied during the course of this litigation. As of August 2016, a special master found Mr. Reed's gross monthly income to be $12,062.87, resulting in a child support obligation of $2,227 per month. But because Mr. Reed owed $9,325.16 in back child support, the special master determined that "his total child support [would also include] $75.00 for arrearage payments for a total of [$]2,303.00 per month." The Chancery Court for Montgomery County, Tennessee, confirmed the special master's report by order of September 8, 2016.

On October 4, 2016, Mr. Reed filed a petition to reduce child support, alleging a material change in circumstances because of "a substantial reduction in his pay." According to the statement of the evidence, the following took place at trial on Mr. Reed's petition:

> 1. . . . Only the Parties provided testimony, [sic] and also submitted documentation as to income.
>
> [Mr. Reed] testified that, after the Special Master's hearing, his job had changed and he had been relocated to a position that did not include housing and other allowances that he had previously received. He provided his current pay statements that included year to date earnings, showing that his income is $7536.00 per month and that such amount was in effect at the time he filed his Petition for Modification on October 4, 2016.

On January 10, 2017, the trial court entered an order finding Mr. Reed's gross monthly income to be $7,536 and Ms. Akende-Reed's gross monthly income to be $2,745. After allowing certain expense deductions, the court reduced Mr. Reed's child support obligation from $2,227 to $1,580 per month, "a reduction exceeding 15%," retroactive to the date of the filing of his petition.

---

[2] The rules of our Court provide as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

Ms. Akende-Reed filed an "Objection to Child Support Order," which the court treated as a motion to alter or amend. Because the January 10 order did not set forth the arrearage or method of payment, the court entered another order finding that, after giving credit for all payments Mr. Reed had made since August 2016, the arrearage through February 2017 was $9,326.16, to be paid at an additional $59.78 per month. The court, however, rejected Ms. Akende-Reed's argument that it made an error in its computations of Mr. Reed's income at the previous hearing.

Ms. Akende-Reed raises four issues on appeal. Three of the four issues relate to the sufficiency of the evidence of Mr. Reed's income.[3]

In non-jury cases, our standard of review is de novo upon the record of the proceedings below, but the trial court's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). When factual findings are based on credibility determinations, we "afford great weight to those credibility determinations, and will not reverse such determinations absent clear evidence to the contrary." *Cornelius v. Tenn. Dep't Children's Servs.*, 314 S.W.3d 902, 907 (Tenn. Ct. App. 2009). We review a trial court's conclusions of law de novo, with no presumption of correctness. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013); *Rigsby v. Edmonds*, 395 S.W.3d 728, 734 (Tenn. Ct. App. 2012).

Based on our review of the approved statement of the evidence and related exhibit, the evidence does not preponderate against the court's factual finding that Mr. Reed's current income was $7,536 per month. The court relied on witness testimony and current pay statements entered into evidence. Ms. Akende-Reed relies on her own interpretation of the evidence, but we may only consider the statement of evidence approved by the trial court. Absent extraordinary circumstances, which are not present here, the trial court's determination of the accuracy of the statement of the evidence is conclusive. Tenn. R. App. P. 24(e), (h).

We further conclude that the court did not err in finding the existence of a significant variance, entitling Mr. Reed to a modification of his child support obligation. To modify an existing child support order, the obligor parent must show a significant variance "between the guidelines and the amount of support currently ordered." Tenn. Code Ann. § 36-5-101(g)(1) (2017). A significant variance is defined as "at least a fifteen percent (15%) change between the amount of the current support order (not including any deviation amount) and the amount of the proposed presumptive support

---

[3] Ms. Akende-Reed also complains that Mr. Reed did not produce his pay statements until right before trial. The record does not show that Ms. Akende-Reed raised this issue in the proceedings below. As a result, we consider the issue waived. *See Fayne v. Vincent*, 301 S.W.3d 162, 171 (Tenn. 2009); *Wilson v. Esch*, 166 S.W.3d 729, 730 (Tenn. Ct. App. 2004) ("Issues not raised in the trial court may not be raised for the first time on appeal.").

order." Tenn. Comp. R. & Regs. 1240-02-04-.05(2)(c) (2008).  Here, the difference in the amount of the current support order, $2,227, and the amount of the proposed presumptive support order, $1,580, is $647, a change of more than 15%.

Ms. Akende-Reed has pointed to no error that would allow her relief from the court's judgment.  Accordingly, we must affirm.

_____
W. NEAL MCBRAYER, JUDGE