IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 17, 2018 Session

## JASON C. BLOSSER v. CYRUS JOHNSON, IV D/B/A THE RIVER CITY RIDES

Appeal from the Chancery Court for Shelby County
No. CH-10-10473    JoeDae L. Jenkins, Chancellor

_____

No. W2017-00858-COA-R3-CV
_____

This appeal deals only with the trial court's award of treble damages pursuant to the Tennessee Consumer Protection Act.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J., joined.

Charles E. Waldman, Memphis, Tennessee, for the appellant, Cyrus Johnson, IV.

Everett B. Gibson, Memphis, Tennessee, for the appellee, Jason C. Blosser.

## MEMORANDUM OPINION[1]

## FACTS AND PROCEDURAL HISTORY

This dispute involves the sale of a used car. Jason C. Blosser ("Buyer"), plaintiff and appellee, filed suit against Cyrus Johnson, IV ("Seller"), defendant and appellant, in Shelby County Chancery Court, seeking rescission and money damages, including damages pursuant to the Tennessee Consumer Protection Act, Tennessee Code Annotated

_____

[1]Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

section 47-18-101, et. seq. ("TCPA").

After a bench trial, the chancery court entered judgment in favor of Buyer and made the following findings of fact:

1. In March of 2010, Defendant, who at the time the cause of action arose, was a sole proprietor and operated a business selling used vehicles.

2. Defendant advertised a 1972 FJ40 Toyota Landcruiser automobile for sale on eBay.

3. Various conversations were had between Defendant and Plaintiff, wherein the Plaintiff was told that the vehicle was suitable for driving back and forth to work.

4. The Defendant's advertisements and statements painted the picture that the vehicle was "strong, very strong running," "a true head turner," "new paint," "new upholstered seats," "brand new ambulance style seats," "brand new interior," "painted tan" and "custom leather panels and hardtop."

5. After these discussions and representations, Plaintiff agreed to purchase the automobile for $9,000. The purchase price was paid to Defendant by wire transfer on March 27, 2010.

6. Defendant delivered the automobile to Plaintiff in Morgantown, West Virginia, on April 1, 2010.

7. Although the automobile delivered was a 1972 Toyota Land Cruiser, as advertised, the automobile was in very poor condition.

8. Upon driving the vehicle, Plaintiff found the vehicle drove very rough and there were problems with the braking system. Apparently believing the vehicle unsafe, Plaintiff never drove the vehicle again and it was only moved by towing it to various inspection sites.

9. On April 8, 2010, Plaintiff had University of Motors of Morgantown, West Virginia, an authorized Toyota dealership, inspect the vehicle and it issued a determination that the vehicle was not repairable, the frame was weak in most areas and that the vehicle was unsafe and should not be driven.

10. Plaintiff in a conversation with the Defendant, and thereafter through counsel by letter dated April 9, 2010, gave prompt notice of his intent to rescind the contract.

11. However, Defendant refused to rescind the purchase agreement.

12. Plaintiff retained Tod Buckhalter to inspect the vehicle. Tod Buckhalter is the owner of Total Collision Repair in Star City, West Virginia. He was admitted as an expert in the field of collision repairs.

13. After inspection of the automobile, Tod Buckhalter opined that the body is beyond repair and unsafe, the frame is very weak in most areas, and the automobile is unsafe and should not be driven.

14. Among the defects in the vehicle, the fuel tank is not properly secured, the frame is damaged to the extent that its entire integrity is in question due to rust, improper or no welding to secure joints, and the interior safety features are questionable.

15. From the color photographs presented by Mr. Buckhalter, the Defendant used painted masking tape to disguise or cover holes and breaks in the floor and frame of the vehicle.

16. Mr. Buckhalter further estimated cost of repairs to make the vehicle roadworthy would be $9,873.91.

17. The Defendant inspected the vehicle prior to the sale, which included viewing under the carriage on a hydraulic lift, but did not discover or see the defective conditions as shown on photographs provided by Mr. Buckhalter.

18. The Defendant's testimony regarding the damage to the vehicle and its roadworthiness lacked candor at best.

19. The Defendant knew, or should have known, about the defective and unsafe conditions of the vehicle which was plain to see upon observation and inspection as which Defendant claimed he performed.

The trial court found Seller created a false impression of the grade or quality of the vehicle, Seller misrepresented the condition of the vehicle, and that there was clear and convincing evidence of the vehicle's defective condition. The trial court concluded

Buyer was entitled to an award of treble damages according to Tennessee Code Annotated section 47-18-109 (a)(4), stating as follows:

> In accordance with Tenn. Code Ann. § 47-18-109 (a)(4), the Court concludes that the Plaintiff is entitled to an award of treble damages the basis for which is a) the obviously defective condition of the vehicle sold to the Plaintiff, b) the Defendant's assertion under oath that he personally inspected the vehicle prior to the sale and believed that it was in good condition, c) the overwhelming evidence that the vehicle was in poor condition, the body was unsafe, the frame was weak, and it was unsafe to operate on road, d) the cost to make the vehicle roadworthy exceeded the purchase price, e) the Plaintiff's cost for maintaining and storing the vehicle over the years, f) the Defendant's lack of good faith in dealing with the Plaintiff, and g) the Defendant's lack of candor during the trial.

The trial court ordered Seller to return the full amount of the $9,000 purchase agreement and to pay $10,000 for Buyer's attorney's fees. The trial court also awarded Buyer $27,000 in treble damages.

## ISSUE

Seller presents one issue for review on appeal, as stated in his brief:

Whether the trial court erred in awarding treble damages on finding that the seller willfully employed tactics to deceive buyer in violation of Tenn. Code Ann. § 47-18-109(a)(3).

## STANDARD OF REVIEW

Courts have discretion with respect to an award of treble damages under the Tennessee Consumer Protection Act (TCPA). *See Wilson v. Esch*, 166 S.W.3d 729, 731 (Tenn. Ct. App. 2004). As such, we review the trial court's award of treble damages under the abuse of discretion standard of review, which our supreme court has described as follows:

> The abuse of discretion standard of review envisions a less rigorous review of the lower court's decisions and a decreased likelihood that the decision will be reversed on appeal. *Beard v. Bd. of Prof'l Responsibility,* 288 S.W.3d 838, 860 (Tenn. 2009); *State ex rel. Jones v. Looper,* 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000). It reflects an awareness that the decision being reviewed involved a choice among several acceptable

4

alternatives. *Overstreet v. Shoney's, Inc.,* 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999). Thus, it does not permit reviewing courts to second-guess the court below, *White v. Vanderbilt Univ.,* 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999), or to substitute their discretion for the lower court's, *Henry v. Goins,* 104 S.W.3d 475, 479 (Tenn. 2003); *Myint v. Allstate Ins. Co.,* 970 S.W.2d 920, 927 (Tenn. 1998). The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny. *Boyd v. Comdata Network, Inc.,* 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002).

Discretionary decisions must take the applicable law and the relevant facts into account. *Konvalinka v. Chattanooga‒ Hamilton Cnty. Hosp. Auth.,* 249 S.W.3d 346, 358 (Tenn. 2008); *Ballard v. Herzke,* 924 S.W.2d 652, 661 (Tenn. 1996). An abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision. *State v. Lewis,* 235 S.W.3d 136, 141 (Tenn. 2007). A court abuses its discretion when it causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence. *State v. Ostein,* 293 S.W.3d 519, 526 (Tenn. 2009); *Konvalinka v. Chattanooga–Hamilton County Hosp. Auth.,* 249 S.W.3d at 358; *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville,* 154 S.W.3d at 42.

To avoid result-oriented decisions or seemingly irreconcilable precedents, reviewing courts should review a lower court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions. *Flautt & Mann v. Council of Memphis,* 285 S.W.3d 856, 872–73 (Tenn. Ct. App. 2008) (quoting *BIF, a Div. of Gen. Signal Controls, Inc. v. Service Constr. Co.,* No. 87–136–II, 1988 WL 72409, at *3 (Tenn. Ct. App. July 13, 1988) (No Tenn. R. App. P. 11 application filed)). When called upon to review a lower court's discretionary decision, the reviewing court should review the underlying factual findings using the preponderance of the evidence standard contained in Tenn. R. App. P. 13(d) and should review the lower court's legal determinations de novo without any presumption of correctness. *Johnson v. Nissan N. Am., Inc.,* 146 S.W.3d 600, 604 (Tenn.

Ct. App. 2004); *Boyd v. Comdata Network, Inc.,* 88 S.W.3d at 212.

*Lee Medical, Inc. v. Beecher*, 312 S.W.3d 515, 524-525 (Tenn. 2010).

## ANALYSIS

Treble damages are not awarded for every violation of the TCPA. Unlike other treble damage statutes, Tennessee Code Annotated section 47-18-109(a)(3) provides that actual damages will be trebled only when the defendant's conduct is a "willful or knowing violation" of the Act and then only after the trial court has considered enumerated factors in Tennessee Code Annotated section 47-18-109(a)(4).

The TCPA permits treble damage awards in lieu of awards of punitive damages. Like punitive damages, treble damages are not intended to compensate an injured plaintiff but rather to punish the defendant and to deter similar conduct in the future. *See Huckeby v. Spangler,* 563 S.W.2d 555, 558-59 (Tenn.1978). They are based on the defendant's conduct, *see Hardin v. Caldwell,* 695 S.W.2d 189, 192 (Tenn. Ct. App. 1985), and are particularly appropriate in cases involving fraud or willful misconduct. *Inland Container Corp. v. March,* 529 S.W.2d 43, 44-45 (Tenn.1975).

This Court will not disturb a trial court's decision to award treble damages under the TCPA unless there is no evidence to support the trial court's decision or the trial court used the wrong measure of damages or otherwise abused its discretion. The trial court made findings that support an award of treble damages. It found that Seller "knew or should have known" about the defective and unsafe conditions of the vehicle and that "[Seller]'s testimony regarding the damage to the vehicle and its roadworthiness lacked candor at best." The trial court found "[Seller] was not credible in his testimony," and "[Seller] misrepresented the condition of the vehicle by indicating it was of a particular standard, quality or grade." Finally, the trial court found, "[Seller] maintains in his testimony that the vehicle was in good condition, but clear and convincing evidence demonstrates the vehicle was in a defective condition and the condition of the vehicle was misrepresented to [Buyer]."

At no point has Appellant maintained that the evidence did not support the trial court's factual findings. Given the trial court's detailed findings of fact and the discretion vested in the trial court by the TCPA with respect to a treble damages award, we determine that the trial court did not err. Accordingly, we affirm the order of the trial court.

6

**CONCLUSION**

For the foregoing reasons, the judgment of the chancery court is affirmed. Costs of this appeal are taxed to the appellant, Cyrus Johnson, IV, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE