# IN THE COURT OF APPEALS OF TENNESSEE AT JACKSON
April 10, 2024 Session

## ANGEL AGUILAR ET AL. v. EADS AUTO SALES

**Appeal from the Circuit Court for Shelby County**
**No. CT-4861-22     Gina C. Higgins, Judge**

_____

### No. W2023-00914-COA-R3-CV

_____

In an appeal from a general sessions court judgment, the trial court awarded the plaintiffs compensatory damages for a misrepresentation by a car dealer, declined to award treble damages, and awarded the plaintiffs only a portion of their attorney's fees. Both parties appeal. We vacate the denial of treble damages, but otherwise affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and CARMA DENNIS MCGEE, JJ., joined.

Brice M. Timmons and Melissa J. Stewart, Memphis, Tennessee, for the appellants, Maria Aguilar and Angel Aguilar.

Ted I. Jones, Memphis, Tennessee, for the appellee, Eads Auto Sales.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On or about May 30, 2021, Plaintiff/Appellant Angel Aguilar found an advertisement on Facebook Marketplace, advertising a 2014 Mercedes-Benz automobile ("the Vehicle") for sale by Defendant/Appellee Eads Auto Sales ("Appellee") for $5,500.00.[2] The advertisement described the Vehicle as follows: "Auto ac leather sunroof clean title repo car no key 5500$ cash need tow not run key needed[.]" Mr. Aguilar called Duke Smith from Appellee to discuss the Vehicle, as which time Mr. Smith informed Mr. Aguilar that "the vehicle was in good condition, but that the vehicle only needed a new key, and that Mr. Aguilar would be responsible for having the Vehicle re-keyed for full operation[.]"

On June 9, 2021, Mr. Aguilar's wife, Plaintiff/Appellant Maria Aguilar (together with Mr. Aguilar, "Appellants"), purchased the Vehicle, executing a Bill of Sale and title assignment document for the Vehicle. The Bill of Sale stated that the Vehicle was "being sold 'AS IS – WITH ALL FAULTS' and Seller makes no warranties, express or implied, on the vehicle[.]"

Following the purchase, the Vehicle was towed to a Mercedes dealership for re-keying. However, upon inspection by the dealership, Appellants were informed on June 10, 2021, that the Vehicle "was not in running condition, that the engine was in a non-working condition and would have to be replaced" at a cost that "would far exceed the purchase price" of the Vehicle. Appellants incurred a cost of $575.84 to re-key the vehicle. Appellants asked Appellee to return the vehicle for a full refund. Mr. Smith denied that Appellants were entitled to a refund because the Vehicle was sold "in an 'as is' condition[.]"

As a result of this impasse, on October 13, 2021, Mr. Aguilar filed a civil warrant in the Shelby County General Sessions Court ("the general sessions court") alleging fraud and misrepresentation in violation of the Tennessee Consumer Protection Act ("TCPA"). The civil warrant sought compensatory damages, punitive or treble damages, and attorney's fees. On October 18, 2022, the civil warrant was amended via a hand-written notation that Mrs. Aguilar was added as a plaintiff.

Trial occurred on the civil warrant on November 21, 2022. On the same day, the general sessions court awarded Appellants a judgment of $24,000.00. Appellee timely appealed to the Shelby County Circuit Court ("the trial court"). No further pleadings were filed by either party in the trial court.

A bench trial eventually occurred on May 10, 2023. On May 18, 2023, the trial court

---

[2] The facts are taken from the statement of evidence and attached exhibits filed in this case.

issued a written ruling in favor of Appellants, finding that Appellants paid Appellee $5,500.00 in cash for the vehicle and that despite the "as is" disclaimer, Appellee misrepresented the state of the Vehicle prior to the sale in violation of the TCPA. The trial court found, however, that Appellants "should have taken more action to verify or confirm what was in [Appellee's] advertisements or otherwise verify the representations before purchasing the vehicle." The trial court therefore declined to award Appellants punitive or treble damages under the TCPA and ruled that Appellants would not be awarded all of their requested attorney's fees. Finally, the trial court ruled that Appellants would "not be reimbursed for the towing charge and key charge in that those would have been incurred in the transaction as represented." Thus, the trial court awarded Appellants $5,500.00 as the purchase price of the Vehicle, $2,500.00 in attorney's fees, and $440.00 in prejudgment interest. From this order, both parties now appeal.

## II. ISSUES PRESENTED

Both parties take issue with the trial court's ruling in this appeal. For their part, Appellants assert that the trial court "abused its discretion in determining that [Appellee] made intentional and fraudulent misrepresentations to [Appellants] in violation of the [TCPA], but did not award treble damages and all reasonable attorney fees because the court found [Appellants] were not sufficiently diligent in uncovering the deception." In response, Appellee asserts that the trial court erred in finding a violation of the TCPA in light of the "as is" disclaimer signed by Mrs. Aguilar. Appellee also "ponders 'How did Maria Aguilar become a party?'"[3]

## III. STANDARD OF REVIEW

In an appeal following a bench trial, we review the trial court's findings of fact de novo upon the record with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). The trial court's conclusions of law, we review de novo with no presumption of correctness. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).

## IV. ANALYSIS

---

[3] Specifically, Appellee frames its issues as follows:

Appellee presents the issue of why the contract signed for the purchase of the vehicle "as is" should not be binding and controlling, that such contract appears to solely be in the name of Maria Aguilar, and such should actually prohibit the award of any and all damages? In supplement to this, Appell[ee] ponders "How did Maria Aguilar become a party?"

(Record citation omitted).

**A.**

As an initial matter, we must first address the state of Appellants' brief. Rule 27(a) of the Tennessee Rules of Appellate Procedure provides the requirements to an appellant's brief to this Court. Notably missing from Appellants' brief is the required table of contents, table of authorities, or statement of the case.[4] *See* Tenn. R. App. P. 27(a)(1), (2), & (5). Often, this Court has held that an appellant's failure to substantially comply with Rule 27(a) results in waiver on appeal. *See, e.g.*, ***Augustin v. Bradley Cnty. Sheriff's Off.***, 598 S.W.3d 220, 226 (Tenn. Ct. App. 2019). Although we decline to waive all of Appellants' arguments on this basis alone, as noted *infra*, this is not the only deficiency in either party's arguments in this appeal.

**B.**

We begin with Appellee's apparent contention that Mrs. Aguilar is not a proper party to this case. In support, Appellee notes in the statement of the case section of its brief that while the civil warrant was filed in Mr. Aguilar's name, and the notice of appeal from general sessions court lists only Mr. Aguilar as a plaintiff, "Suddenly, in the 'Order of Final Judgment' it lists the Plaintiffs as 'Angel and Maria Aguilar.' There is no indication in the order of why or how both the husband and wife became parties." Respectfully, we disagree.

Here, the civil warrant clearly reflects that it was amended on October 18, 2022, to add Mrs. Aguilar as a party to the general sessions action.[5] Thus, the judgment for the plaintiffs in the general sessions court was for both Mr. Aguilar and Mrs. Aguilar. While Appellee chose only to list Mr. Aguilar as a plaintiff in its notice of appeal to the trial court, Mrs. Aguilar was then a party to the case and, as a result, a party to the appeal. *See* Tenn. Code Ann. § 27-5-108 (b) (stating that when one party files a notice of appeal of a general sessions court's judgment "cross appeals and separate appeals are not required, and upon the filing of a notice of appeal by any party, issues may be brought up for review by any party").

Moreover, while Appellee cites general principles of due process in its brief, it cites no authority as to how it was denied due process in this matter simply because the amendment to add Mrs. Aguilar was apparently overlooked in the general sessions court by Appellee's current counsel.[6] Here, the amended civil warrant provided Appellee with notice that Mrs. Aguilar was named a party-plaintiff months before the trial court entered

---

[4] To be fair, Appellants' brief does include a statement of facts, which contains the procedural history of this matter.

[5] To the extent that Appellee asserts that the amendment was governed by Rule 15 of the Tennessee Rules of Civil Procedure, we note that this rule is inapplicable in general sessions court. *See generally* Tenn. R. Civ. P. 1.

[6] It does not appear that Appellee's current counsel represented Appellee in the general sessions court or the trial court.

- 4 -

judgment in favor of Appellants. At no time in those intervening months did Appellee ever object to her inclusion as a plaintiff in the trial court. Appellee therefore cannot assert error in her inclusion in this appeal. *See Powell v. Cmty. Health Sys., Inc.*, 312 S.W.3d 496, 511 (Tenn. 2010) ("It is axiomatic that parties will not be permitted to raise issues on appeal that they did not first raise in the trial court."). Appellee's argument that the judgment should be reversed on the basis that Mrs. Aguilar was not properly included as a party therefore lacks merit.

## C.

Appellee next asserts that the trial court erred in finding a violation of the TCPA due to a misrepresentation as to the Vehicle's condition due to the "as is" disclaimer signed by Mrs. Aguilar. In support, Appellee cites contract law trumpeting the freedom to contract. Appellee does not, however, cite any law suggesting that an "as is" contract defeats an action alleging a misrepresentation under the TCPA. Indeed, our research has revealed that Tennessee courts have repeatedly reached the opposite conclusion. *See Hanson v. J.C. Hobbs Co.*, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at *12 (Tenn. Ct. App. Nov. 21, 2012) ("We decline to hold that the waivers, disclaimers, and 'as is' language contained in the sales contract shield Hobbs Co. from liability under the TCPA." (citing Tenn. Code Ann. § 47-18-113(a) ("No provision of this part may be limited or waived by contract, agreement, or otherwise . . . .")))); *see also Morris v. Mack's Used Cars*, 824 S.W.2d 538, 540 (Tenn. 1992) (holding that allowing a seller to avoid liability for unfair or deceptive acts or practices by the use of contractual disclaimers would contravene the broad remedial intent of the TCPA); *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 11 (Tenn. Ct. App. 1992) (relying on *Morris*). So we conclude that this issue too lacks merit.

## D.

In the body of its brief, Appellee also appears to raise two additional arguments. First, Appellee asserts that that the trial court erred in its determination that Appellee misrepresented the condition of the Vehicle because the advertisement stated that the Vehicle "need tow *not run* key needed[.]" (Empasis added). In support, Appellee notes that the record does not indicate that Appellants "kicked the tires, looked under the hood, and/or attempted a manual start of the [V]ehicle before it was purchased." Second, Appellee contends that there is no foundation for the damages found by the trial court because no proof was presented as to the fair market value of the Vehicle.

Unfortunately for Appellee, neither of these arguments was designated as an issue on appeal. Rather, Appellee's issues were limited to the "as is" disclaimer and Mrs. Aguilar's inclusion as a party-plaintiff. We have repeatedly held that we will "consider an issue waived where it is argued in the brief but not designated as an issue." *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). As such, these arguments

are waived.[7]

**E.**

Although Appellants designated only a single issue in their appellate brief, their issue as designated clearly disputes both the trial court's denial of treble damages, as well as its refusal to award them the full amount requested for attorney's fees. We will begin with the issue of treble damages. Pursuant to the TCPA, treble damages may be awarded to a plaintiff "[i]f the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation[.]" Tenn. Code Ann. § 47-18-109(a)(3). The TCPA further provides as follows:

> In determining whether treble damages should be awarded, the trial court may consider, among other things:
>
> > (A) The competence of the consumer or other person;
> > (B) The nature of the deception or coercion practiced upon the consumer or other person;
> > (C) The damage to the consumer or other person; and
> > (D) The good faith of the person found to have violated this part.

Tenn. Code Ann. § 47-18-109(a)(4). "An award of treble damages under § 47-18-109(a)(3) for an intentional violation of the [TCPA] is permissive. Such an award depends upon the facts of each case." ***Holladay v. Speed***, 208 S.W.3d 408, 418 (Tenn. Ct. App. 2005). The award of treble damages therefore lies within the discretion of the trial court and will not be reversed absent an abuse of that discretion. *See **Wilson v. Esch***, 166 S.W.3d 729, 731 (Tenn. Ct. App. 2004).

Here, the trial court's order does not expressly state whether Appellee's misrepresentation was willful or knowing. Nor does the trial court reference the factors contained in section 47-18-109(a)(4). Instead, the trial court denied Appellants' treble damages on the sole basis that Appellants should have been more diligent in verifying that Appellee's representations were correct. The trial court does not, however, explain what more Appellants could have done to verify the representations of Appellee.

In its brief, Appellee suggests that Appellants should have kicked the Vehicle's tires, looked at the engine, or attempted a "manual start" of the car. However, nothing in the record suggests that kicking the tires or visually inspecting the engine would have

---

[7] As for the damages issue, we further note that Appellee cites no authority to support a holding that the fair market value was necessary to determine the damages in this case or that reimbursement was not a proper measure of damages in this case. Importantly, the trial court ruled that the Vehicle would be returned to Appellee after Appellants were paid the damages awarded.

alerted Appellants to the issues with the Vehicle. And Appellee does not explain how Appellants could have started the car without a key. Rather, it appears that after taking possession of the Vehicle, Appellants had it promptly towed to a dealership for re-keying, only to learn that there were issues with the car that Appellee had not only not disclosed, but also misrepresented. As such, based on the record presented and the trial court's minimal findings, we are unable to discern what more the trial court expected Appellants to do in this situation.

Rule 52.01 of the Tennessee Rules of Civil Procedure requires that the trial court make findings of fact and conclusions of law in every bench trial. "There is no bright-line test by which to assess the sufficiency of factual findings, but the findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (citation and internal quotation marks omitted). When the trial court's findings leave us to wonder at how it reached its ultimate decision, one proper remedy is to remand to the trial court with directions to issue a ruling containing sufficient findings of fact and conclusions of law. *Id.* at 35–36. In this case, the trial court's minimal findings leave us to guess at how the trial court reached its ultimate conclusion to deny Appellants an award of treble damages. As such, we remand to the trial court for reconsideration of this issue and the entry of an order that contains sufficient findings of fact and conclusions of law. In reaching its decision, the trial court is encouraged to expressly consider the factors contained in section 47-18-109(a)(4).

**F.**

Appellants also take issue with the trial court's decision to deny them full recovery of their attorney's fees. In particular, Appellants assert that the trial court erred when it did not consider the factors contained in Rule of 1.5 the Tennessee Rules of Professional Conduct. So Appellants ask that we vacate the judgment of the trial court and remand this case for reconsideration of those factors.

When a party prevails in a TCPA claim, "the court may award to the person bringing such action reasonable attorney's fees and costs." Tenn. Code Ann. § 47-18-109(e)(1). Like the award of treble damages, the determination of a reasonable attorney's fees under the TCPA is a discretionary decision that we will uphold unless the trial court abuses its discretion. *Gebremedhin v. New Day Auto Sales, Inc.*, No. M2014-01803-COA-R3-CV, 2015 WL 3563045, at \*2 (Tenn. Ct. App. June 8, 2015) (citing *Keith v. Howerton*, 165 S.W.3d 248, 250–51 (Tenn. Ct. App. 2005)).

In determining the reasonableness of a request for attorney's fees under the TCPA, courts have been directed to consider Rule 1.5 of the Tennessee Rules of Professional

Conduct. *Id.*[8] These factors include the time and labor required, the difficulty of the questions involved, whether the employment will preclude other employment by the lawyer, and the fee customarily charged in the locality for similar services. *See* Tenn. Sup. Ct. R. 8, RPC 1.5.

Here, the trial court also cited Appellants' lack of diligence in its decision to limit the award of attorney's fees in this case. As previously discussed, without additional findings, we are unable to discern what more Appellants were required to do in this situation. However, we conclude that Appellants are not entitled to vacatur and remand on this particular ruling due to Appellant's failure to preserve evidence on this issue.

Essentially, Appellants assert that the trial court abused its discretion because it did not consider the Rule 1.5 factors. But the record on appeal contains no information from which the trial court could have considered these factors. Nothing in the record evidences the time and labor required by Appellants' counsel for this case, whether the employment precluded other employment, or the fee customarily charged for similar services. In fact, because the record on appeal contains neither an invoice of the work performed or an affidavit from Appellants' counsel detailing same, we are unable to even determine the full amount of attorney's fees that Appellants were seeking in the trial court or in this appeal.

The party seeking an award of attorney's fees "has the burden to make out a prima facie claim for his request for reasonable attorney's fees." *Hosier v. Crye-Leike Com., Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at \*6 (Tenn. Ct. App. July 17, 2001) (citing *Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988)). "Ordinarily, the party requesting attorney's fees carries this burden by presenting the affidavit of the lawyer who performed the work." *Id.* (citing *Hennessee v. Wood Grp. Enters., Inc.*, 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991)). In addition to the burden of presenting evidence in support of their request for attorney's fees, Appellants also had the burden of preserving the evidence presented and ensuring that this Court is provided with an adequate record to facilitate meaningful appellate review. *See* Tenn. R. App. P. 24(b); *McDowell v. McDowell*, No. M2000-02153-COA-R3-CV, 2001 WL 856585, at \*2 (Tenn. Ct. App. July 31, 2001); *Harwell v. Raleigh Ridge Owners Ass'n, Inc.*, No. 02A01-9411-CH-00261, 1996 WL 277727, at \*3 (Tenn. Ct. App. May 28, 1996).

This Court has come to somewhat opposite conclusions as to the proper remedy when the party seeking attorney's fees fails to present proof as to the Rule 1.5 factors. In *Wright v. Wright*, for example, this Court reversed the trial court's attorney's fee decision and remanded for reconsideration of the Rule 1.5 factors despite the fact that the record

---

[8] In *Gebremedhin* and the cases it cites, we have continued to also cite the guidelines contained in *Connors v. Connors,* 594 S.W.2d 672 (Tenn. 1980), because they are "similar" but "not identical" to the 1.5 factors. *Keith*, 165 S.W.3d at 251. Rule 1.5 contains additional factors to the *Connors* guidelines, but they are otherwise the same. It appears superfluous to continue to cite to the *Connors* factors given a clear Supreme Court rule on this issue.

was "devoid of proof" as to many of those factors. No. M2007-00378-COA-R3-CV, 2007 WL 4340871, at *6–7 (Tenn. Ct. App. Dec. 12, 2007). In that case, however, the plaintiff and the trial court were under the mistaken impression that Rule 1.5 was irrelevant due to a contingency fee agreement. ***Id.*** In contrast, in ***In re Estate of Bonifield***, we held that an attorney's failure to put on proof of the value of his services precluded him from taking issue with the award by the trial court. No. W2020-01593-COA-R3-CV, 2022 WL 668426, at *4 (Tenn. Ct. App. Mar. 7, 2022), *perm. app. denied* (Tenn. July 13, 2022) (citing ***Bokor v. Holder***, 722 S.W.2d 676, 681 (Tenn. Ct. App. 1986)).

In this case, neither the parties nor the trial court appeared to have been under any mistaken impression regarding the trial court's authority to set a reasonable fee in this case. And yet, Appellants failed to preserve on appeal any evidence as to the factors that they now contend the trial court erred in not considering. The Tennessee Rules of Appellate Procedure provide that relief is not required "to be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a). Here, without some indication that Appellants presented even a scintilla of proof to the trial court concerning the Rule 1.5 factors, we cannot determine that the trial court's failure to consider the factors was not a product of Appellants' own making. Appellants "had [their] day in court . . . to prove the value of [their attorney's] services. Through no fault except [their] own, [they] failed to do so. [Appellants are] not entitled to a second day to remedy [this] failure." ***Bokor***, 722 S.W.2d at 681. The trial court's failure to expressly consider the Rule 1.5 factors is therefore not a basis for reversal in this particular case.

## G.

Finally, we note that Appellants, like Appellee, appear to raise two additional arguments that are not designated as issues. First, Appellants assert that the trial court erred in denying them reimbursement for the re-keying of the car. Second, Appellants assert that they are entitled to attorney's fees incurred in this appeal. As designated, however, Appellants' issue only asserts that the trial court erred in denying their requests for treble damages and attorney's fees in the trial court; Appellants simply did not raise either an issue as the compensatory damages awarded by the trial court or a request for attorney's fees incurred on appeal. Because these issues were not designated as issues on appeal, however, they are waived. *See **Childress***, 97 S.W.3d at 578; *see also, e.g.*, ***Knapp v. Boykins***, No. W2019-02154-COA-R3-CV, 2020 WL 4783680, at *6 (Tenn. Ct. App. Aug. 18, 2020) (waiving a request for attorney's fees incurred on appeal because the issue was raised only in the body of the appellee's brief).[9]

## V. CONCLUSION

---

[9] We further note that while Appellants assert that an affidavit detailing their appellate attorney's fees is attached as an exhibit to their brief, no such exhibit is attached.

The judgment of the Shelby County Circuit Court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed one-half to Appellants, Angel Aguilar and Maria Aguilar, and one-half to Appellee, Eads Auto Sales, for all of which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE